IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ZACHARY OELKE, SAMANTHA R. FISHEL
and J. OELKE,

                                         OPINION AND ORDER

                 Plaintiffs,

                                          15-cv-591-bbc

     v.

WISCONSIN LAWYERS MUTUAL INSURANCE CO.,
HUPY & ABRAHAM, S.C. and MICHAEL F. HUPY,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiffs Zachary Oelke and Samantha Fishel filed a proposed complaint in which they allege that their lawyers, Michael F. Hupy and Hupy & Abraham, S.C., failed to represent their interests adequately after plaintiffs were injured in a car accident. Defendant Wisconsin Lawyers Mutual Insurance Co. is the lawyers' insurer. Oelke and Fishel name a third plaintiff, J. Oelke, but they acknowledge that he is a minor. Cpt. ¶ 2, dkt. #1. "[O]ne pro se litigant cannot represent another," Nocula v. UGS Corp., 520 F.3d 719, 725 (7th Cir. 2008), even when one pro se litigant is the guardian of the other, Elustra v. Mineo, 595 F.3d 699, 705 (7th Cir. 2010), so any reference to "plaintiffs" in this opinion is to Zachary Oelke and Samantha Fishel only.

      Plaintiffs paid the full filing fee, so the screening provision in 28 U.S.C. § 1915 does not apply, but courts are required in every case to screen the complaint for subject matter

1

jurisdiction. Booker-El v. Superintendent, Indiana State Prison, 668 F.3d 896, 899 (7th Cir. 2012); Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010). In this case, plaintiffs say that jurisdiction is present under 28 U.S.C. § 1331, which applies when the plaintiffs' claims arise under federal law. In particular, plaintiffs say that § 1331 applies because "our federal constitutional rights have been violated," "fraud was committed in interstate commerce" and "the amount of money at stake in this case is over $75,000."

None of these allegations provide a basis for exercising jurisdiction. First, claims under the Constitution apply only to public officials and others acting on behalf of public officials. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) ("[C]onstitutional standards are [applicable] only when it can be said that the State is responsible for the specific conduct of which the complains."). In this case, all of the defendants are private actors; plaintiffs do not allege that the government was involved in any way.

Second, fraud is generally a claim that arises under *state* common law, not federal law. Montana-Dakota Utilities Co. v. Northwest Public Service Co., 341 U.S. 246, 252 (1951); Daviditis v. National Bank of Mattoon, 251 F.2d 299, 300 (7th Cir. 1958). Plaintiffs do not cite any federal statute that creates a cause of action simply because the fraud involves interstate commerce and I am not aware of such a statute.

Finally, the amount in controversy is irrelevant to § 1331. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); Johnson v. City of Evanston, Illinois, 250 F.3d 560, 562 (7th Cir. 2001).

The only claims suggested by plaintiff's allegations are state law claims such as

2

malpractice, fraud and breach of contract. When a plaintiff brings a claim under state law in federal court, the plaintiff must allege complete diversity of citizenship, 28 U.S.C. § 1332, which means that "no plaintiff may be from the same state as any defendant." Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 803 (7th Cir. 2009) (internal quotations omitted). In this case, plaintiffs admit that both they and defendants are citizens of Wisconsin, so plaintiffs cannot meet the complete diversity requirement. Cpt. ¶¶ 1-6, dkt. #1.

In sum, I conclude that neither § 1331 nor § 1332 provides a basis to exercise jurisdiction over this case. Accordingly, I am dismissing this case without prejudice to plaintiffs' refiling it in state court.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered this 9th day of October, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge